IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| M&J REAL ESTATE INVESTMENTS, LLC; and J&L GENERAL CONSTRUCTION, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MESILLA VALLEY MANUFACTURED HOUSING COMMUNITY, LLC, and GADSDEN MANUFACTURED HOUSING COMMUNITY, LLC,<br><br>Defendants. | Case 2:25-cv-1160-DLM-KRS |

### JURISDICTIONAL ORDER TO SHOW CAUSE AND ORDER TO FILE CORPORATE DISCLOSURE STATEMENTS

THIS MATTER is before the Court *sua sponte* upon its review of the Notice of Removal.

Plaintiffs M&J Real Estate Investments, LLC ("M&J") and J&L General Construction LLC ("J&L") filed a Verified Complaint for Damages, Declaratory, and Injunctive Relief ("Complaint") in the Third Judicial District, Dona Ana County, New Mexico (Doc. 1-1). Defendants Mesilla Valley Manufactured Housing Community, LLC ("MVMHC") and Gadsden Manufactured Housing Community, LLC ("GMHC") removed the Complaint to this Court on November 20, 2025, asserting federal court subject matter jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332(a). (Doc. 1 ¶ 13).

"Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *Image Software, Inc. v. Reynolds & Reynolds Co.,* 459 F.3d 1044, 1048 (10th Cir.

2006) (quoting *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006)). As the parties asserting federal jurisdiction, Defendants bear the burden of adequately pleading, and ultimately proving, subject matter jurisdiction. *Anderson v. XTO Energy, Inc.*, 341 F. Supp. 3d 1272, 1275 (D.N.M. 2018). Having considered Defendants' jurisdictional allegations in the Notice of Removal (Doc. 1), the applicable law, and being otherwise fully advised in the premises, the Court concludes that the Notice of Removal fails to allege the necessary facts to sustain diversity jurisdiction.

A.  **Citizenship of Plaintiff LLCs**

The two plaintiffs as well as the two defendants in this case are alleged to be limited liability companies. The Notice of Removal cites to the correct legal rule for determining the citizenship of a limited liability company. (Doc. 1 ¶¶ 16, 17); *see Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) (a limited liability company is a citizen of each and every state in which any member is a citizen). However, the Notice of Removal only applies those legal principles to the two limited liability company defendants. As to the two limited liability company plaintiffs, the Notice of Removal cites to the allegations in the Complaint, which state that those companies are organized in New Mexico with their principal places of business also in New Mexico. (*Id.* ¶ 15).

The Notice of Removal recognizes that the Complaint's factual allegations do not contain sufficient information about the plaintiff limited liability companies to determine their citizenship for federal jurisdictional purposes.[1] Defendants allege, however, that, "upon information and

---

[1] Defendants assert that in alleging the place of organization and principal place of business for the two LLC plaintiffs, "Plaintiffs did the incorrect analysis of determining citizenship of an LLC." (Doc. 1, ¶ 15 n.1). Defendants, however, forget that Plaintiffs filed the Complaint in state court. They therefore were not obligated to allege their citizenship for purposes of federal court jurisdiction. As noted above, *Defendants,* as the parties asserting federal court jurisdiction in the Notice of Removal, are the parties obligated to allege and prove the facts necessary to establish diversity jurisdiction.

belief, Defendants do believe even with the citizenship analysis for an LLC, Plaintiffs would still be considered citizens of New Mexico." (*Id.*). The required showing to invoke diversity jurisdiction is satisfied by the removing defendant filing "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)). However, a removing defendant must at least "state the facts upon which jurisdiction is based." *McEntire v. Kmart Corp.*, No. CIV 09-0567 JB/LAM, 2010 WL 553443, at *3 (D.N.M. Feb. 9, 2010) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) "[T]he requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice.")).

Defendants' asserted "belief" without any specific facts to support that belief does not amount to a plausible allegation regarding the plaintiff entities' citizenship sufficient to plead the existence of diversity jurisdiction. The allegation "upon information and belief" suggests that Defendants do not have affirmative knowledge regarding the citizenship of the two LLC plaintiffs. "Such unsupported allegations do not confer subject matter jurisdiction over this case." *W. Bldg. Grp., LLC v. Auto-Owners Ins. Co.*, No. 19-CV-01632-PAB, 2019 WL 2865381, at *1 (D. Colo. July 3, 2019) (citing case law requiring the plaintiff to address the citizenship of each of defendant's members without resorting merely to their "information and belief" as to the same); *see also Etana Custody Inc. v. Stratford Sols. SL,* No. 23-CV-03341-PAB-STV, 2024 WL 4123495, at *2 (D. Colo. Sept. 9, 2024) ("The lion's share of federal authority … concludes that allegations of citizenship made on 'information and belief' are insufficient to establish diversity jurisdiction." (quoting *Aghdashloo v. Mohseni*, Case No. 2:21-cv-03618, 2022 WL 4630042, at *4 (S.D. Ohio Sep. 30, 2022) (collecting cases))).

In addition, Defendants' allegation that, applying the rule for determining the citizenship of limited liability companies, "Plaintiffs would still be considered citizens of New Mexico," is conclusory without identifying the members of the Plaintiff limited liability companies and alleging the relevant facts to establish those members are citizens of New Mexico. *See, e.g., White v. Diversicare of Hutchinson, LLC*, No. 24-2373-KHV-RES, 2024 WL 4637499, at *2 (D. Kan. Aug. 28, 2024) (jurisdictional allegations held insufficient where the plaintiff alleged that "[e]ach member, each defendant, and each limited partner of the limited partner defendant are citizens of the Tennessee and Delaware," but "[t]he factual allegations underlying this conclusory assertion" were omitted); *Winn v. Carlsbad Med. Ctr., LLC,* No. 14-CV-1113 JAP/SMV, 2015 WL 12830457, at *2 (D.N.M. July 16, 2015) (allegation that "no member of Defendant Pecos Valley has New Mexico citizenship" held insufficient).

"The party seeking the exercise of jurisdiction in his favor must allege in his pleading *the facts essential to show jurisdiction.*" *United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) (citations and internal quotation marks omitted) (emphasis added). Mere conclusory allegations without supporting facts are to be ignored. *Penteco Corp. Ltd. P'ship--1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). Defendants must identify the members of each LLC plaintiff and provide the relevant facts showing that they are citizens of New Mexico. *See, e.g., Underwriters at Lloyd's, London v. Osting-Schwinn,* 613 F.3d 1079, 1092 (11th Cir. 2010) (remanding case in which party invoking the court's diversity jurisdiction did not disclose the identity and citizenship of each member of an unincorporated entity).[2]

---

[2] *See also Clinton Hampton, LLC v. ProCentury Ins. Co.*, No. CIV-23-331-F, 2023 WL 3026718, at *1 (W.D. Okla. Apr. 20, 2023) ("Although the notice of removal alleges that plaintiff is a citizen of Oklahoma, it fails to identify each of the members of the limited liability company, and it fails

4

B. **Federal Rule of Civil Procedure 7.1(a)(2)**

Federal Rule of Civil Procedure 7.1(a)(2) states the following:

> In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor:
>
> (A)   when the action is filed in or removed to federal court, and
>
> (B)   when any later event occurs that could affect the court's jurisdiction under § 1332(a).

FED. R. CIV. P. 7.1(a)(2).

Recognizing that the facts relating to the identity of the members of the two LLC plaintiffs are in the control of Plaintiffs, prior to Defendants being required to show cause regarding the jurisdictional allegations in the Notice of Removal, Plaintiffs will be ordered to comply with the requirements of Rule 7.1(a) by filing corporate disclosure statements. In addition to complying with subsection (a)(1) of the Rule, Plaintiffs must comply with subsection (a)(2) by "nam[ing]—and identif[ying] the citizenship of" every member of M&J and J&L, doing the same for every

---

to identify the state of citizenship for each of the members. The notice of removal must specifically identify each of plaintiff's members as well as the state of citizenship for each of those members." (internal citation omitted); *MPG Endeavors LLC v. Tygris Med. LLC*, No. 21-CV-02581-PAB, 2021 WL 5447028, at *1 (D. Colo. Nov. 22, 2021) (allegations held insufficient where, among other things, "petitioner has not identified respondent's members"); *Cheek v. Wolfgang Puck Worldwide, Inc.*, No. 17-CV-01201-PAB, 2017 WL 2274551, at *2 (D. Colo. May 25, 2017) (finding diversity allegations insufficient where "Ritz–Carlton has not identified its members or the citizenship of those members"); *Prospect Funding Holdings, LLC v. Fennell*, 2015 WL 4477120, at *2 (S.D.N.Y. July 15, 2015) (collecting New York district court decisions holding that a limited liability company must "plead facts establishing their citizenship including, ... the identity and citizenship of their members" in order to invoke diversity jurisdiction).

constituent entity who itself is comprised of members or partners, "continuing as far down as necessary to unravel fully the citizenship of the entity before the court."[3]

Additionally, Defendants will be ordered to also file Rule 7.1(a) statements, including compliance with subsection (a)(2) by "nam[ing]—and identif[ying] the citizenship of" every member of MVMHC and GMHC, doing the same for every constituent entity who itself is comprised of members or partners, "continuing as far down as necessary to unravel fully the citizenship of the entity before the court." The Court notes that, due to the corporate structure of MVMHC and GMHC, the narrative description provided in the Notice of Removal regarding the facts necessary to determine the citizenship of those entities is complex and difficult to follow. Therefore, the Court asks that, in addition to providing the facts relevant to the citizenship analysis for MVMHC and GMHC, Defendants' Rule 7.1(a) statement provide a flow chart depicting the corporate structure of those entities.

**IT IS THEREFORE ORDERED** that no later than **December 5, 2025,** all parties shall file corporate disclosure statements that comply with FED. RULE CIV. P. 7.1(a), including Rule 7.1(a)(2).

---

[3] *Woodward, Inc. v. Zhro Sols., LLC*, No. 18-CV-01468-PAB, 2018 WL 11455060, at *2 (D. Colo. June 13, 2018) (citing *Hicklin Eng'g, L.C. v. Bartell,* 439 F.3d 346, 347-48 (7th Cir. 2006) ("The citizenship of a limited liability company is that of its members, and its members may include partnerships, corporations, and other entities that have multiple citizenships. A federal court thus needs to know each member's citizenship, and if necessary each member's members' citizenships." (internal citations omitted)); *see also SREI-Miami, LLC v. Thomas*, No. 08-cv-00730-MSK-BNB, 2008 WL 1944322, at *1 (D. Colo. May 2, 2008) (noting defendants' acknowledgment "that the weight of authority generally requires them to drill down through each layer of ownership, showing the citizenship of each member of each component limited-liability corporation that, collectively, comprise Strategic Real Estate Investors, LLC").

**IT IS FURTHER ORDERED** that no later than **December 12, 2025**, Defendants shall show cause why the case should not be remanded to state court for lack of diversity of citizenship. Defendants may show cause by filing a supplement or amendment to the Notice of Removal alleging facts sufficient to show the existence of diversity jurisdiction, as set forth herein. Failure to do so may result in the undersigned recommending that this case be remanded to state court.

IT IS SO ORDERED this 24th day of November 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE