IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| M&J REAL ESTATE INVESTMENTS, LLC; and J&L GENERAL CONSTRUCTION, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MESILLA VALLEY MANUFACTURED HOUSING COMMUNITY, LLC, and GADSDEN MANUFACTURED HOUSING COMMUNITY, LLC,<br><br>Defendants. | Case 2:25-cv-1160-DLM-KRS |

## SECOND JURISDICTIONAL SHOW CAUSE ORDER

This matter is before the Court *sua sponte*. On November 24, 2025, the Court ordered the parties to file disclosure statements in compliance with Federal Rule of Civil Procedure 7.1(a), following which Defendants were ordered to file an amendment or supplement to their notice of removal alleging facts sufficient to show the existence of diversity jurisdiction. (Doc. 3). Defendants M&J Real Estate Investments LLC and J&L General Construction LLC filed their corporate disclosure statements on December 3, 2025 (Doc. 7, 8, amended by Docs. 9, 10). Plaintiffs Mesilla Valley Manufactured Housing Community, LLC and Gadsden Manufactured Housing Community, LLC filed their corporate disclosure statements on December 5, 2025 (Docs. 13, 14). Defendants filed a Response To Order To Show Cause and Supplement to Notice of Removal on December 12, 2025, (Doc. 16). Because the Court still cannot determine whether it has diversity jurisdiction over this case, the Court now issues this second jurisdictional show cause order.

According to Docs. 9, 10, and 16, both Defendants are limited liability companies, and both are comprised of the same three members: Great Space, LLC, Oikos Investments Ltd, and Century Boulevard Corporation. (Doc. 1 ¶ 15). Defendants have adequately alleged that Century Boulevard Corporation is a citizen of Texas because it is incorporated and has its principal place of business in that State. (*Id.* ¶15(c)). *See* 28 U.S.C.§ 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and . . . where it has its principal place of business").[1]

Great Space, LLC and Oikos Investments Ltd, on the other hand, are business entities that each have their own constituent members. Defendants allege that Great Space is a limited liability company whose membership is comprised of Jarkesy Family Partnership Ltd., the Miranda Pena 2022 Trust, the Netza Ivette Pena Jarkesy 2022 Trust, the Olivia Marie Jarkesy2022 Trust, and the Maximus Aaron Jarkesy 2022 Trust. They allege that the Jarkesy Family Partnership Ltd. is a limited partnership the "membership" of which is comprised of George R. Jarkesy Jr., Oikos Investments Ltd. and Jarkesy Venture, LLC. Jarkesy Venture, LLC's sole member is George R. Jarkesy Jr., while Oikos Investment Ltd is a limited partnership whose "membership is comprised of George R. Jarkesy Jr., the George Jarkesy III 2019 Trust, the Maximus Aaron Jarkesy 2019 Trust, and Olivia Marie Jarkesy 2019 Trust." (Doc. 16 at3).

    **1.    Citizenship of a Limited Partnership**

Defendants refer to Oikos Investment Ltd and the Jarkesy Family Partnership Ltd. as being comprised of "members." The constituent entities of a limited partnership include general and limited partners, and its citizenship is determined by reference to both of those groups. *See Ross*

---

[1] Defendants allege that "the sole member of Century Boulevard Corporation" is Jarkesy Family Partnership Ltd. (Doc. 16 at 4). However, a corporation does not have "members"; it has stockholders. And for purposes of the diversity statute, the citizenship of each of a corporation's stockholders is irrelevant. *See* 28 U.S.C.§ 1332(c)(1).

*Dress For Less, Inc. v. Magness,* Civ. No. 25-814 JHR/SCY, 2025 WL 2430422, at *2 (N.M.D. Aug. 22, 2025) (quoting *Carden v. Arkoma Assocs.,* 494 U.S. 185, 185 (1990)). Because the Court cannot tell from the reference to "members" whether Defendants have identified all general and all limited partners of Oikos Investment Ltd and the Jarkesy Family Partnership Ltd., Defendants will be required to clarify those allegations.

### 2.     Citizenship of a Trust

Most of the constituent members of Great Space, LLC and Oikos Investments Ltd. are trusts, whose citizenship is alleged by Defendants based on the citizenship of the trustees. "The citizenship of a traditional trust … depends only on the citizenship of its trustees." *ADA Carbon Sols. (Red River), LLC v. Atlas Carbon, LLC,* 146 F.4th 1296, 1304 (10th Cir. 2025). But an "entity's membership is not limit[ed] to its trustees just because the entity happens to call itself a trust." *Id.* at 1305 (internal quotation marks and citations omitted). Unlike a traditional trust, a "non-traditional trust," also called a "business trust," "takes the citizenship of all its members." *Id.* "[T]o determine whether a trust is traditional, courts must look to the laws of the state where the trust is formed, with the primary consideration being whether the trust exists as a fiduciary relationship or as a separate legal entity. … [T]o determine a non-traditional trust's members, courts must again look to state law to ascertain who is in the same position as those who have been designated members of other unincorporated entities, such as partners, shareholders, or others with ownership interests." *Id.* (internal quotation marks and citations omitted).

Defendants do not allege any information from which the Court can determine if the trusts in question are traditional or business trusts.[2] As the Tenth Circuit explained:

---

[2] "The rules for determining citizenship do not change depending on whether a trust is embedded within another business entity." *ADA Carbon Sols. (Red River), LLC,* 146 F.4th at 1306 (quoting *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC,* 888 F.3d 29, 41 (3d Cir. 2018)). Thus, "a trust takes the citizenship of all its members regardless of

> Neither party … provided any information about the proper classification of the four trusts under state law. Without information about the trusts' designations or their beneficiaries, it is impossible to determine their respective citizenships. If these trusts are traditional trusts, they take the citizenship of only their trustees. But if these trusts are non-traditional trusts, then they take the citizenship of all of their members—like any unincorporated entity would—which may or may not include the trusts' beneficiaries, depending on the particularities of the trusts under applicable state law. Consequently, we have no way of knowing the trusts' citizenships.

*Id.* at 1306.[3]

Defendants have not provided sufficient information from which the Court can determine whether the trusts they have named in their corporate disclosure statements and Response To Order To Show Cause and Supplement to Notice of Removal are traditional trusts or business trusts. If the trusts are business trusts, then Defendants must additionally provide the facts necessary under state law for identifying the "members" of those trusts, which likely would include at least identifying the beneficiaries of each of the trusts and the facts needed to determine each beneficiary's citizenship.

### 3. Citizenship of Individuals

To the extent that any LLC members, LP partners, Trustees, or Trust beneficiaries are individuals, Defendants are reminded to allege their citizenship based on domicile rather than residence. *See Crawley v. Glaze*, 710 F.2d 776, 678 (10th Cir. 1983). "[A]n allegation that a party ... is a resident of a state is not equivalent to an allegation of citizenship and is insufficient to

---

the trust's position within an unincorporated entity's ownership structure." *Id.* at 1307.

[3] The Tenth Circuit took "no position on how to determine the membership of non-traditional trusts" because it "lack[ed] briefing as well as a lower court decision on the issue." *ADA Carbon Sols. (Red River), LLC*, 146 F.4th at 1306 n.5. Instead, the court left the issue "to the district court to consider in the first instance, if necessary," while also "not[ing] that the Supreme Court in *Americold* looked to state law to determine who the business trust's members are and determined that the trust's members included its beneficiaries." *Id.* Therefore, the court concluded, "at the very least, beneficiaries of non-traditional trusts are relevant to the jurisdictional analysis in some circumstances." *Id*. (discussing *Americold Realty Tr. v. Conagra Foods, Inc*., 577 U.S. 378 (2016)).

confer jurisdiction upon the District Court." *Siloam Springs Hotel, L.L.C.,* 781 F.3d at 1238; *see also ADA Carbon Sols. (Red River), LLC,* 146 F.4th at 1303 n.3 (stating that, although "place of residence is prima facie [evidence of] domicile," "the prima facie case flowing from an allegation of residence must be backed up by a district court finding, at some later point in the proceeding, as to the existence of diversity at the time of the filing of the complaint" (quoting *State Farm Mut. Auto Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994)*,* and *Siloam Springs Hotel, L.L.C.*, 781 F.3d at 1235)); *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("The allegations in Travaglio's complaint about her citizenship are fatally defective. Residence alone is not enough."); *Simon v. Taylor*, 455 F. App'x 444, 446 (5th Cir. 2011) ("an allegation that the parties are 'residents' of particular states is insufficient to provide the court with diversity jurisdiction"); *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."); *Sample v. Hilton Worldwide Holdings Inc*., No. 25CV984 JFR/SCY, 2025 WL 2926893, at *2 (D.N.M. Oct. 15, 2025) ("There being no other proof in the record indicating citizenship, an allegation of 'residency' and not 'citizenship' is insufficient to confer jurisdiction on this Court." (citing *Vincent v. Nelson,* 51 F.4th 1200, 1211-12 (10th Cir. 2022) (complaint alleging residency was insufficient to confer jurisdiction); and *McEntire v. Kmart Corp*., No. 09cv567 JB/LAM, 2010 WL 553443, at *8 (D.N.M. Feb. 9, 2010) (collecting cases discussing requirement to amend notice of removal))).

For the foregoing reasons, Defendants are ordered to file, on or before **February 13, 2026,** a second supplement correcting the deficient jurisdictional allegations identified above.

**IT IS SO ORDERED** this 30th day of January, 2026.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE