IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

M&J REAL ESTATE INVESTMENTS, LLC;
and J&L GENERAL CONSTRUCTION, LLC,

Plaintiffs,

v.

Case 2:25-cv-1160-DLM-KRS

MESILLA VALLEY MANUFACTURED HOUSING COMMUNITY, LLC; and GADSDEN MANUFACTURED HOUSING COMMUNITY, LLC,

Defendants and Third-Party Plaintiffs,

v.

JAIME MURILLO; JALVIN VERDE;
KARINA HERNANDEZ; and ANA ALMAREZ,

Third-Party Defendants.

**ORDER RE: DOC. #58, MOTION TO WITHDRAW**

**THIS MATTER** is before the Court on the Motion To Withdraw filed by counsel for Defendants (hereinafter the "*M&J Real Estate Investments* Case Motion") (Doc. 58). The *M&J Real Estate Investments* Case Motion refers to the clients of the attorneys seeking to withdraw collectively as "the Mesilla Parties." The "Mesilla Parties" in the *M&J Real Estate Investments* Case are comprised of two entities—Mesilla Valley Manufactured Housing Communities, LLC and Gadsden Manufactured Housing Community, LLC.

A similar motion was filed by the same attorneys in *Enriquez v. Mesilla Valley Manufactured Housing Communities, LLC, et. al.* 2:26-cv-109 KG-KRS (hereinafter the "*Enriquez* Case Motion"). *See id.,* Doc. 23. The *Enriquez* Case Motion also refers collectively to

the two clients on whose behalf the withdrawing attorneys seek to withdraw as the "Mesilla Parties," one of which is also Mesilla Valley Manufactured Housing Communities, LLC. But the second party on whose behalf the moving attorneys seek to withdraw in the *Enriquez* Case is a third entity, Rosehill Property Management, Inc.

The *M&J Real Estate Investments* Case Motion states that the "Mesilla Parties" have been served with a copy of the motion to withdraw (Doc. 58, ¶ 2), and that they have consented to it (*id.*, ¶ 7). The *Enriquez* Case Motion, on the other hand, states that the "Mesilla Parties" will be served with a copy of the motion to withdraw (Doc. 23, ¶ 2), but it does *not* state that consent to the attorneys' withdrawal has been sought and received from the "Mesilla Parties" (*id.,* ¶ 7). This difference in the two motions to withdraw concerning the issue of client consent leaves the Court uncertain about whether consent to the attorneys' withdrawal by each of their clients in both cases has in fact been given. While consent is not necessarily required, the Court will not grant the motion to withdraw without first considering any objections the interested clients may have to the withdrawal of their attorneys. And while typically a party has fourteen days to file an objection to a motion, *see* DNM LR-Civ. 7.4(a), the motions to withdraw do not indicate whether the attorneys seeking to withdraw informed the affected clients who did not provide consent to the withdrawal in advance of the attorneys' filing of the motions to withdraw about the need to file any objections to the motion to withdraw within fourteen days of the date on which the motions were filed.

Given that it does not appear from the docket that all of the "Mesilla Parties" have given their consent to the withdrawal of their attorneys, the moving attorneys are directed to file a notice on the docket in each case indicating that consent to their withdrawal has been received from each client by name (without use of the confusing "Mesilla Parties" designation). Said notice shall be filed **on or before 4:00 p.m. Mountain Time on August 14, 2026**.

If consent has not been received from all affected clients, or if no notice is filed by the above deadline, then the moving attorneys are directed to serve this Order on their clients in both cases by attaching a copy to an email sent to the email address of the moving attorneys' most recent client contact at each of the entities in question **on or before the close of business on August 14, 2026**, in which case the Court will also set both cases for a telephonic hearing on **August 19, 2026 at 9:00 a.m. Mountain Time**.[1] All counsel and a client representative from each of the "Mesilla Parties" shall join the telephonic hearing by calling Judge Sweazea's **WebEx teleconference line at (855) 244-8681, and entering Meeting Number 2300 989 9447#, except that a client representative need not attend the telephonic conference if they do not oppose their attorneys' motion to withdraw.** If a client who opposes their attorneys' motion to withdraw wishes to file a written opposition to the motion to withdraw, they may do so on or before the **close of business on August 18, 2026**, or else they may present the reasons for their opposition orally at the August 19, 2026 hearing. **Failure to appear at the hearing may be deemed consent to the motion to withdraw**.

IT IS SO ORDERED this 11th day of August 2026.

KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

[1] This date and time coincide with a telephonic status conference already scheduled in the *Enriquez* case concerning the upcoming settlement conference on October 6, 2026, which the Court reaffirms will also take place as scheduled on August 19, 2026, unless no hearing on the motions to withdraw is necessary because all clients consent and the *Enriquez* parties file a motion seeking to vacate the status hearing.