**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**M&J REAL ESTATE INVESTMENTS LLC**
**and J&L GENERAL CONSTRUCTION LLC,**

**Plaintiffs,**

**v.** **2:25-cv-01160-DHU/KRS**

**MESILLA VALLEY MANUFACTURED**
**HOUSING COMMUNITY, LLC; and GADSDEN**
**MANUFACTURED HOUSING COMMUNITY, LLC,**

**Defendants.**

**MEMORANDUM OPINION AND ORDER**

Before the Court are Plaintiffs M&J Real Estate Investments LLC ("M&J") and J&L General Construction LLC's ("J&L") (collectively "Plaintiffs") Motions for Leave to File First Amended Complaint and Joinder of Additional Parties (Docs. 27 and 28)[1] and Motion to Remand (Doc. 36). Having reviewed the motions; the responses by Defendants Mesilla Valley Manufactured Housing Community, LLC ("Mesilla Valley") and Gadsden Manufactured Housing Community, LLC ("Gadsden") (collectively "Defendants"); and the applicable law, the Court concludes that Plaintiffs' motions should be denied.

## I. BACKGROUND

On October 16, 2025, Plaintiffs filed a Verified Complaint for Damages, Declaratory, and Injunctive Relief ("Complaint") in the Third Judicial District, Dona Ana County, New Mexico.

[1] Because Docs. 27 and 28 appear duplicative of one another, the Court hereon only refers to Doc. 27 when discussing Plaintiffs' Motion for Leave to File First Amended Complaint and Joinder of Additional Parties.

Doc. 1-1. Plaintiffs' Complaint alleges numerous claims against Defendants, including breach of contract, unjust enrichment, and promissory estoppel, among other things. *Id.*

On November 20, 2025, Defendants removed the Complaint to this Court, asserting federal court subject matter jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332(a). Doc. 1 ¶ 13. Four days later, U.S. Magistrate Judge Kevin Sweazea issued a Jurisdictional Order to Show Cause, in which he ordered Defendants to "show cause why the case should not be remanded to state court for lack of diversity of citizenship." Doc. 3 at 7. On December 12, 2025, Defendants supplemented their Notice of Removal in response to Judge Sweazea's order. Doc. 16. However, because Judge Sweazea still could not determine whether diversity jurisdiction existed, he issued a Second Jurisdictional Show Cause Order, in which he identified deficient jurisdictional allegations for Defendants to correct. Doc. 32. As before, Defendants filed a Second Supplement to Notice of Removal ("Second Supplement") in accordance with Judge Sweazea's order. Doc. 37.

Plaintiffs now seek to amend their complaint to add six "necessary non-diverse defendants," Doc. 27 at 1, as well to remand to state court, Doc. 36.

## II. DISCUSSION

### a. Motion for Leave to File First Amended Complaint and Joinder of Additional Parties

#### i. Legal Standard

Generally, a court should freely give leave to amend a complaint when justice so requires. Fed. R. Civ. P. 15(a)(2). Whether to allow amendment of the pleadings is within the trial court's discretion. *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). Rule 15's purpose "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Id.* at 1204 (internal quotations omitted). Leave sought must be freely given in the absence of any justifiable reason for the denial of the motion, such as undue

delay, bad faith, repeated failure to cure deficiencies by amendments, undue prejudice, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A court may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason. *Bauchman for Bauchman v. West High School*, 132 F.3d 542, 562 (10th Cir. 1997).

**ii. Analysis**

Plaintiffs seek to amend their Complaint to add: (1) Karina Hernandez ("Hernandez"); (2) Rosehill Property Management, Inc. ("Rosehill"); (3) Sontera Acres, LLC ("Sontera"); (4) Fernando Meza ("Meza"); (5) Jaime Murillo ("Murillo") and (6) various John Does. Doc. 27 at 1.

The Court finds that Plaintiffs' proposed First Amended Complaint ("FAC") does not sufficiently allege the citizenship of any of the aforementioned parties, which is necessary for purposes of establishing diversity of citizenship. To illustrate, the proposed FAC states that (1) Hernandez is a resident of Doña Ana County, New Mexico; (2) Rosehill is a citizen of New Mexico; (3) Sontera "is the prior owner of the properties who may hold residual title"; (4) Meza is a resident of Doña Ana County, New Mexico; (5) Murillo is a resident of Doña Ana County, New Mexico; and (6) John Does 1–10 are "likely residents of New Mexico." Doc. 27-1 at 2.

As to Hernandez, Meza, Murillo, and the John Does, "[a]n individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship." *Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Domicile consists of "reside[nce]" plus an "inten[t] to remain there indefinitely." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). As to Rosehill and Sontera, "a corporation is a citizen of its state of incorporation and the state where its principal place of business is located," *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015), while a limited liability company "takes the citizenship of all its members" for purposes of determining

diversity jurisdiction. *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1014 (10th Cir. 2018).

Absent information about (1) the domiciles of Hernandez, Meza, Murillo, and the John Does; (2) the state where Rosehill is incorporated and has its principal place of business; and (3) the citizenship of any of Sontera's members, the Court cannot ascertain whether diversity jurisdiction exists. Thus, because Plaintiffs' motion for leave to amend fails to establish subject matter jurisdiction, it is denied.

**b. Motion to Remand**

Plaintiffs also argue that remand is required "because the Notice of Removal was facially defective and "under 28 U.S.C. § 1447(e) due to joinder of necessary parties." Doc. 36 at 2, 4. Because the Court has already rejected the basis for Plaintiffs' joinder request, it focuses its attention only on the alleged facial defectiveness of Defendants' Notice of Removal.

**i. Legal Standard**

Federal courts are courts of limited jurisdiction and there is a presumption against removal. *See Dutcher v. Matheson*, 733 F.3d 980, 984– 85 (10th Cir. 2013). Removal statutes must be strictly construed with ambiguities resolved in favor of remand. *Fajen v. Foundation Reserve Ins. Co.*, Inc., 683 F.2d 331, 333 (10th Cir. 1982). When jurisdiction is based on diversity, a party must show that there is complete diversity of citizenship between adverse parties and the amount in controversy exceeds $75,000. *Dutcher*, 733 F.3d at 987.

**ii. Analysis**

Plaintiffs assert that "Defendants' Notice of Removal lists a 'Limited Partnership' and multiple 'Trusts' as upstream members but fails to provide the required citizenship data for these entities." Doc. 36 at 3. They also assert that the amount in controversy is speculative. *Id.* at 4.

**1. Citizenship of Limited Partnerships**

The constituent entities of a limited partnership include general and limited partners, and its citizenship is determined by reference to both of those groups. *See Ross Dress For Less, Inc. v. Magness*, Civ., 2025 WL 2430422, at *2 (D.N.M. Aug. 22, 2025) (quoting *Carden v. Arkoma Assocs.*,494 U.S. 185, 185 (1990)).

By way of background, both Mesilla Valley and Gadsden are limited liability companies that are comprised of the same three members: Great Space, LLC ("Great Space"); Oikos Investments Ltd. ("Oikos Investments"); and Century Boulevard Corporation. Docs 13-1 and 14-1. Great Space is a business entity that has its own constituent members. *Id.* In response to Judge Sweazea's first Jurisdictional Order to Show Cause (Doc. 3), Defendants alleged that Great Space is a limited liability company whose members include the Jarkesy Family Partnership, the Miranda Pena 2022 Trust, the Netza Ivette Pena Jarkesy 2022 Trust, the Olivia Marie Jarkesy 2022 Trust, and the Maximus Aaron Jarkesy 2022 Trust. Doc. 16 at 3. Defendants also alleged that the Jarkesy Family Partnership is a limited partnership whose members include George R. Jarkesy Jr. ("George Jarkesy"); Oikos Investments; and Jarkesy Venture, LLC ("Jarkesy Venture"). *Id.* Jarkesy Venture's sole member is George Jarkesy. *Id.*

In the Second Jurisdictional Show Cause Order, Judge Sweazea found that Defendants' reference to the Jarkesy Family Partnership as being comprised of "members" made it unclear as to whether Defendants identified all general and all limited partners of the Jarkesy Family Partnership. Therefore, Judge Sweazea ordered Defendants to clarify these allegations. Doc. 32 at 2–3. In response, Defendants stated in their Second Supplement that the Jarkesy Family Partnership is exclusively comprised of George Jarkesy, a limited partner; (2) Oikos Investments, a limited partner; and (3) Jarkesy Venture, a general partner. Doc. 37 at 4.

Now, Plaintiffs seem to regurgitate Judge Sweazea's prior concerns and argue that Defendants have not established complete diversity for the Jarkesy Family Partnership that they trace ownership to because "Defendants have not identified every limited partner nor proven their citizenship." Doc. 36 at 3.

The Court disagrees, for Defendants have cured any purported defects via their Second Supplement's explanation of their corporate structure. In addition to naming the number of partners in the Jarkesy Family Partnership and whether those partners are general versus limited, the Second Supplement states the citizenship of all three partners. As to George Jarkesy, he is a citizen of Texas, as evidenced by his declaration attached to the Second Supplement. *See* Doc. 37-2 (highlighting—among other things—Jarkesy's ownership of a home in Texas and his intent to remain in Texas indefinitely). Because George Jarkesy is the sole member of Jarkesy Venture, Jarkesy Venture—a limited liability company—is similarly a citizen of Texas. *See Siloam Springs Hotel*, 781 F.3d at 1237–38 (a limited liability company is a citizen of each and every state in which any member is a citizen). Lastly, as to Oikos Investments, its partnership is exclusively comprised of George Jarkesy, who is a limited partner, and three trusts that Jarkesy is the sole trustee for,[2] which are general partners. *Id.* at 4–5. In sum, each of the Jarkesy Family Partnership's partners are citizens of Texas for diversity purposes.

**2. Citizenship of Trusts**

As mentioned above, most of the constituent members of Great Space and Oikos Investments are trusts which George Jarkesy is the sole trustee for. "The citizenship of a traditional trust . . . depends only on the citizenship of its trustees." *ADA Carbon Sols. (Red River), LLC v. Atlas Carbon, LLC,* 146 F.4th 1296, 1304 (10th Cir. 2025). But an "entity's membership is not

[2] The Court elaborates on the citizenship of these trusts and others in Section II(b)(ii)(2).

limit[ed] to its trustees just because the entity happens to call itself a trust." *Id.* at 1305 (internal quotation marks and citations omitted). Unlike a traditional trust, a "non-traditional trust," also called a "business trust," "takes the citizenship of all its members." *Id.* "[T]o determine whether a trust is traditional, courts must look to the laws of the state where the trust is formed, with the primary consideration being whether the trust exists as a fiduciary relationship or as a separate legal entity. . . . [T]o determine a non-traditional trust's members, courts must again look to state law to ascertain who is in the same position as those who have been designated members of other unincorporated entities, such as partners, shareholders, or others with ownership interests." *Id.* (internal quotation marks and citations omitted).

In the Second Jurisdictional Show Cause Order, Judge Sweazea found that Defendants did not provide sufficient information indicating whether the trusts in question are traditional or business trusts. Doc. 32 at 3–4. Judge Sweazea explained: "If the trusts are business trusts, then Defendants must additionally provide the facts necessary under state law for identifying the 'members' of those trusts, which likely would include at least identifying the beneficiaries of each of the trusts and the facts needed to determine each beneficiary's citizenship." *Id.* at 4. In response, Defendants stated in their Second Supplement that none of the trusts are separate legal entities formed as business trusts. Doc. 37 at 4. Rather, according to George Jarkesy's declaration, "[a]ll of the Trusts are traditional trusts where I act as a fiduciary for the beneficiaries" and "[t]he Trusts were established for estate planning purposes." Doc. 37-2 ¶ 11.

Now, Plaintiffs again appear to mimic Judge Sweazea's concerns and argue that Defendants have not established complete diversity for the various trusts that they trace ownership to because there is no "evidence that these are traditional fiduciary trusts rather than business trusts," and if

the trusts are business trusts, "Defendants have failed to carry their burden to negate the existence of New Mexico beneficiaries." Doc. 36 at 3. The Court is unpersuaded.

As a threshold matter, the Court finds that the trusts in question are Texas trusts. While Defendants have not provided the trust documents, which likely contain a provision concerning governing state law, the domicile of the trustee and the location of the subject matter of the trusts are in Texas. *See* Docs. 37-2, 37-3. Texas clearly has the most significant relationship to the trusts, and therefore, the Court will apply Texas law to uncover the nature of the trusts.

"While in some jurisdictions trusts have a separate legal existence, Texas is not one of those." *Hollis v. Lynch*, 827 F.3d 436, 443 (5th Cir. 2016), *abrogated on other grounds by United States v. Diaz*, 116 F.4th 458 (5th Cir. 2024). Under Texas law, "[t]he term 'trust' refers not to a separate legal entity but rather to the fiduciary relationship governing the trustee with respect to the trust property." *Ray Malooly Tr. v. Juhl*, 186 S.W.3d 568, 570 (Tex. 2006). Indeed, the "Texas Trust Code[ ] explicitly defines a trust as a relationship rather than a legal entity." *Id*.

Accordingly, because the trusts here are not organized according to Texas law "as distinct juridical entities but, rather, are traditional trusts," it is the citizenship of sole trustee George Jarkesy "that must determine diversity, not the citizenship of trust beneficiaries." *Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 731 (2d Cir. 2017). Jarkesy is a Texas citizen, and therefore, the trusts in question are likewise citizens of Texas for diversity purposes.

**3. Amount in Controversy**

In the Complaint, Plaintiffs allege that "J&L invested substantial labor, materials, and capital, significantly increasing the value of the Homes and, by extension, the value of Defendants' housing community. The total value of the improvements exceeds $200,000." Doc. 1-1 ¶ 14. Accordingly, in the Notice of Removal, Defendants assert that "Plaintiffs have plead [sic] a total

value of improvements they constructed to exceed $200,000 and that [they] have suffered damages by losing this value." Doc. 1 ¶ 20. However, according to Plaintiffs, the amount in controversy in a declaratory judgment action where the validity of the contract is at issue (like here) "is not necessarily the value of the property, but the value of the *object of the litigation*." Doc. 36 at 4. Thus, Plaintiffs continue, "[i]f the contracts are voided, restitution may be well below $75,000." *Id.*

"[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Plausibility may turn on allegations in the complaint and/or information provided in the notice of removal. *See Buscema v. Wal-Mart Stores E. LP*, 485 F. Supp. 3d 1319, 1328 (D.N.M. 2020) ("When a complaint does not state a specific amount in controversy, a defendant's notice of removal may do so." (citing *Dart Cherokee*, 574 U.S. at 84 (citing § 1446(c)(2)(A))). Once the removing defendant has plausibly alleged the amount in controversy, evidence "establishing jurisdiction [is not] required," unless "the plaintiff contests, or the court questions, the defendant's [plausible] allegation[s]." *Brown v. Nationwide Ins. Co.*, 2023 WL 4174064, at *4 (10th Cir. June 26, 2023) (unpublished) (citing *Dart Cherokee*, 574 U.S. at 89, and *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008)). If a challenge is made, "the 'party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence.'" *Id.* (quoting *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014)).

The Court finds that the amount in controversy is not speculative. The crux of this litigation is who holds legal title to the homes in question, and if, as Plaintiffs argue, Defendants are not the rightful owner of the homes, then Defendants owe Plaintiffs at least $200,000 because of the improvements that had been made. Therefore, based on the facts alleged in the Complaint, the

jurisdictional minimum for amount in controversy is satisfied. *See McPhail*, 529 F.3d at 956 ("[D]ocuments that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the allegations in the notice of removal.").

Based on the above, the Court denies Plaintiffs' motion to remand.

## III. CONCLUSION

For the foregoing reasons, **IT IS THEREFORE ORDERED** that Plaintiffs' Motions for Leave to File First Amended Complaint and Joinder of Additional Parties (Docs. 27 and 28) and Motion to Remand (Doc. 36) are **DENIED**.

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE